IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
_Southern_ DIVISION



UNITED STATES OF AMERICA,   }
                                    }
    Plaintiff,               }
                                    }
v.                              }    Case No. 2:06-CR-505-RDP-PWG
                                    }
_Johnathan Perry_       }
                                    }
    Defendant.            }

## GUILTY PLEA ADVICE OF RIGHTS CERTIFICATION[1]

> **INSTRUCTIONS TO COUNSEL**
> Prior to the offer of a plea of guilty, counsel for the defendant **must** personally discuss, in detail, each of the following matters with the defendant, and, **must** indicate compliance in the appropriate places on this form.
> **This form is lengthy. You will need at least one hour to thoroughly review it with the defendant.** Therefore, counsel **must** arrange his or her schedule to meet with the defendant well in advance of the plea proceeding.
> The court prefers that compliance be indicated by instructing *the defendant* to inscribe *his or her initials* in the appropriate places on this form.
> Once completed, the form shall be filed in open court, at the beginning of the plea proceeding.

**A.    Preliminary Matters**

    1.    I understand that I will be placed under oath and, accordingly, that my answers to the court's questions and any statement I make during the plea proceeding will be subject to the penalties for perjury or for making a false statement. I further understand that, if I should willfully be untruthful, I may be prosecuted in a separate proceeding for perjury and, if convicted, could receive a separate and distinct sentence.

    Done: JPP

---

[1] This form was approved for use in the United States District Court for the Northern District of Alabama on **August 21, 2003. DO NOT USE ANY EARLIER VERSION.**

2. I understand that I may be asked to state my age, date of birth, the extent of my education or schooling, and whether I can read, write, and understand the English language.

Done: __JPP__

3. I understand that I may be asked whether I have any physical or mental defect that makes it more difficult for me to hear clearly, or to understand anything that is said to me.

Done: __JPP__

4. I understand that I may be asked whether I recently have been treated for any mental illness or addiction to narcotic drugs of any kind, and, whether I presently am suffering from any mental illness, emotional impairment, or physical illness that might affect my ability to understand the plea proceeding.

Done: __JPP__

5. I understand that I may be asked whether I have taken, consumed, or ingested any of the following substances during the preceding 48 hours: (a) alcoholic beverages or intoxicating liquors; (b) drugs or medications of any kind (prescription or otherwise); and (c) any other substance that might affect my ability to understand the plea proceeding.

Done: __JPP__

6. I understand that the court must be satisfied that I completely understand the plea proceeding, and that I accordingly have an *affirmative duty* to inform the court if I do not understand anything that is said or done.

Done: __JPP__

7. I further understand that, if I inform the court that I do not understand anything that is said or done during the plea proceeding, the court will, before going forward, undertake all reasonable steps — including a recess, to allow me to consult in private with my attorney — to make certain that I do understand.

Done: __JPP__

8. I understand that the court must be assured that I am satisfied with my attorney, and, that I have no complaints about the manner in which he or she has, thus far, represented me in this case.

Done: __JPP__

9. I understand that the court must be satisfied: (a) that I have received a copy of the Grand Jury's Indictment (or the Information filed by the Government); (b) that I have read the

Indictment (or Information), or that it has been read to me by counsel; and (c) that I understand the charge (or charges) against me.

Done: JPP

10. I understand that the court must be satisfied that I am entering my plea (or pleas) of guilty freely and voluntarily. *Specifically*, I understand that the court must be satisfied that I have not been coerced by any threat, or induced by any improper promise, to enter my plea (or pleas) of guilty — regardless of whether the threat or improper promise was made directly to me, or indirectly, to any other person who is related to me, or close to me, and capable of influencing my decisions.

Done: JPP

**B.     Plea Agreement**

1. I understand that, if there is a plea agreement, the terms of the agreement must be fully and completely disclosed in open court, on the record; and that, if the agreement is in writing, a copy will be filed.

Done: JPP

2. I understand that I must confirm: (a) if the plea agreement is in writing, that I have read the plea agreement, or that it has been read to me by counsel; (b) that I have had ample opportunity to discuss the terms of the plea agreement with my attorney; (c) that the plea agreement incorporates all understandings I have reached with the attorney for the United States Government; and (d) that I personally understand the terms of my plea agreement.

Done: JPP

3. I understand that, if my plea agreement provides for the Government to recommend, pursuant to *Federal Rule of Criminal Procedure* **11(c)(1)(B)**, the imposition of (or to not oppose my request for) a particular sentence the court is not bound by the agreement; and, if the agreement is rejected by the court — in other words, if the judgment and sentence imposed by the court differs in any respect from the terms of my plea agreement — I will *not* have a right to withdraw my plea (or pleas) of guilty.

Done: JPP            Not Applicable: _____

4. I understand that, if my plea agreement provides for the dismissal of other charges pending against me pursuant to *Federal Rule of Criminal Procedure* **11(c)(1)(A)**, or for the imposition of a specific sentence pursuant to *Federal Rule of Criminal Procedure* **11(c)(1)(C)**, the court may accept or reject the agreement, or may defer its decision as to acceptance or rejection until it has considered the contents of my presentence investigation report. I further understand that, if the plea agreement is *accepted* by the court, the court will enter a judgment

and sentence in accordance with the disposition provided for in my plea agreement. On the other hand, I also understand that, if my plea agreement is *rejected* by the court:

- a. the court will inform me personally, in open court, that it is not bound by the terms of my agreement; and

- b. I then will be given the opportunity to withdraw my plea (or pleas) of guilty; and

- c. if I choose to persist in my plea (or pleas) of guilty, after having been informed by the court that it rejects my agreement, the sentence imposed upon me may be less favorable than that stated in my plea agreement.

Done: ⁓pp          Not Applicable: _____

**C.**   **Explanation of Possible Statutory Penalties**

1. I confirm that my attorney has explained, for each charge to which I am entering a plea of guilty, the mandatory minimum sentence (if any) and the maximum penalty provided by statute for each offense to which I am entering a plea of guilty, including the effect of any statute which may enhance or increase the statutory range of punishment.

Done: Jpp

2. I understand that, for each count of the Indictment (or Information) to which I enter a plea of guilty, the court will be required to impose a special assessment fee in the amount of $100.

Done: Jpp

3. I understand that the court may require me to make restitution to any victim of the criminal offense (or offenses) to which I am pleading guilty.

Done: Jpp

4. I understand that parole has been abolished in the Federal penal system, and that, if I am sentenced to a term of imprisonment, I will not be released on parole.

Done: Jpp

5. I understand that, if I am sentenced to imprisonment, the court must impose a term of supervised release to follow any term of imprisonment. I confirm that my attorney has explained the potential duration or length of time that I will be subjected to the supervision of a United States Probation Officer.

Done: Jpp

**D. Explanation of U.S. Sentencing Guidelines**

1. I understand that any sentence imposed upon me will be subject to the requirements of the United States Sentencing Guidelines, and I confirm that my attorney has discussed those Guidelines with me, and, how they could affect any sentence (or sentences) that might be imposed in my case.

Done: _JPP_

2. I understand that the Sentencing Guidelines provide for a complex series of calculations that result in a range of sentence for a particular case, and that such calculations are based, in large part, upon a combination of two factors: on the one hand, a factor called the "Offense Level"; and, on the other hand, a factor called the "Criminal History Category," which is an evaluation of the nature and extent of my prior criminal history (if any).

Done: _JPP_

3. I also understand that the "Offense Level" calculation takes into consideration a variety of matters, including (but not limited to) such things as: (a) the nature and consequences of the offense (or offenses) of conviction; (b) my role in the commission of such offense (or offenses); (c) whether a weapon was involved; (d) the nature of the victims of the crime, if there were any, and, if so, my consideration of such victims; (e) whether bodily injury was inflicted; (f) the amount of any money, property, or drugs which might be embraced in the offense (or offenses) of conviction; (g) my conduct in connection with the investigation and prosecution of the offense (or offenses); and (h) whether I have accepted responsibility for the offense (or offenses).

Done: _JPP_

4. I understand that the court will not be able to determine the Guidelines sentence range that applies to my case until a presentence investigation has been completed, and both the Government and I have had an opportunity to challenge the reported facts and the application of the Guidelines recommended by the Probation Officer.

Done: _JPP_

5. I understand that the sentence ultimately imposed by the court may be different from either any estimate my attorney may have given me, or any preliminary evaluation that may have been provided by a United States Probation Officer.

Done: _JPP_

6. I understand that, even after my Guidelines sentence range has finally been determined, the court still has the authority — in some limited circumstances — to depart from the Guidelines, and to impose a sentence that is either more severe, or less severe, than the

sentence called for by application of the Guidelines.

Done: ___JPP___

7.  I understand that the Sentencing Guidelines will require the court to impose a fine on me, unless the court concludes either (a) that I am not likely to be able to pay a fine, or (b) that the imposition of a fine would unduly burden any persons who are dependent upon me for financial support. Even so, I also understand that, in either of those events, the court still could require some form and duration of community service in lieu of all or part of a fine.

Done: ___JPP___

8.  I understand that, if the court determines I have the financial ability to do so, the court could require me to pay all or part of any cost of imprisonment, confinement, or supervision while on probation or supervised release.

Done: ___JPP___

E.  **Explanation of Substantive Rights**

1.  I understand that I have a right to plead "not guilty" to any offense charged against me, and, to persist in such a plea. In other words, I understand that I am not required to enter a plea of guilty to any charge contained in the Indictment (or Information).

Done: ___JPP___

2.  I understand that, if I did enter a plea (or pleas) of "not guilty," I then would be entitled to a speedy and public trial by a jury composed of twelve people who have been selected from a panel of persons whose names have been drawn at random from a fair cross-section of the community that comprises that area of the Northern District of Alabama in which the Indictment (or Information) has been filed.

Done: ___JPP___

3.  I understand that, at a jury trial, I would be presumed innocent of the charge (or charges) against me, and that I could not be convicted of any offense unless the Government proved each and every element of the charge (or charges) against me, by evidence, beyond a reasonable doubt.

Done: ___JPP___

4.  I understand that, at a jury trial, I would be entitled to numerous rights, including the following:

   a.  the right to be represented by Constitutionally adequate counsel;

b.  the right to have all witnesses who testify for the Government to come forward and testify under oath, in open court, so that I may see, hear, and confront them;

c.  the right, through counsel, to cross-examine each witness who has testified for the Government — to ask them questions concerning any matter that might be relevant to the charge (or charges) against me or my defense, including matters that might be helpful to the jury in evaluating the credibility (or believability) of the witnesses;

d.  the right to call witnesses to testify on my behalf, and to use the subpoena power of the court to compel witnesses to come forward and give evidence in defense of the charge (or charges) against me;

e.  the right to decline to testify, unless I voluntarily elect to do so — in other words, that I could not be forced to testify by the court or anyone else, and that the decision of whether to testify is a matter left entirely to me; and,

f.  the right to testify on my own behalf, if I voluntarily elect to do so. I also understand, however, that if I elect to testify on my own behalf, I would be placed under oath, and, that I would be subject to cross-examination by the attorney for the United States Government.

Done: _JPP_

5. I further understand that, if I elected not to testify at a trial, or even to offer any evidence in defense of the charge (or charges) against me, those facts could not be taken adversely to me by the jury, or by a judge in a non-jury trial.

Done: _JPP_

6. I understand that, by entering a plea (or pleas) of guilty, I am waiving, or giving up, *all* of the foregoing rights — *specifically*:

a.  the right to trial by jury;

b.  the presumption that I am innocent of the charge (or charges) against me;

c.  the right to compel the Government to prove each element of each charge against me by evidence, beyond a reasonable doubt;

d.  the right to confront and cross-examine each witness against me;

e.  the right to subpoena witnesses to testify on my own behalf; and,

f.  the right to testify on my own behalf, if I voluntarily elect to do so.

Done: JPP

7.  I understand that, by pleading guilty, I am *not* waiving, or giving up, the right to be represented by Constitutionally adequate counsel in all further proceedings herein, including the sentencing hearing and any post-sentencing proceedings, such as an appeal.

Done: JPP

F.  **Explanation of Charge(s)**

1.  I confirm that I have had ample time to discuss this case with my attorney, and, that I have told him or her everything I know about the facts, in order that my attorney could prepare himself or herself to represent me, and to defend me, to the best of his or her professional abilities, if I elected to plead "not guilty" and proceeded to trial.

Done: JPP

2.  I further confirm that my attorney has explained each element of each charge to which I am entering a plea of guilty, and that I understand those facts the Government must prove, by evidence, beyond a reasonable doubt, if I elected to plead "not guilty" and proceeded to trial.

Done: JPP

3.  Even though I am waiving, or giving up, my right to a trial, I understand that the court will not accept my plea (or pleas) of guilty until the court has made such inquiry as it may deem appropriate to satisfy itself that there is a factual basis for the plea (or pleas) of guilty.

Done: JPP

4.  I understand that, if my plea (or pleas) of guilty are accepted by the court, only two things remain to be done: *first*, a presentence investigation will be conducted by a United States Probation Officer; and *second*, not sooner than 35 days after the presentence report is disclosed to me, unless I choose to waive the 35 day period, the court will impose sentence.

Done: JPP

G.  **Certification of Defendant**

I hereby certify that I have read all of the preceding parts of this form, or that my attorney has read the entire form to me. I further certify that my attorney has explained to me, in detail, and to my personal satisfaction, each of the matters set out above, and that I do not have any questions about my rights. I also certify that I am satisfied with the representation my attorney has provided me, and that I have no complaints about any aspect of his or her representation of me. I further certify that I am not under the influence of any alcoholic beverage, intoxicating

liquor, drugs, medication, or other substance that affected my ability to comprehend or understand all of the matters set out above. Finally, I certify that I am entering my plea (or pleas) of guilty because I am in fact guilty, and I request that the court accept my plea (or pleas).

_3-1-07_
Date

_Jonuth Phillip Pelly_
Signature of Defendant

**H.     Certification of Counsel**

As counsel of record for the above named defendant, I hereby certify that:

1.      I have discussed with the defendant, in detail, each of the matters set out above;

2.      I have observed the defendant today, prior to the plea proceeding, and I am aware of no reason why the defendant is not competent to enter a plea (or pleas) of guilty at this time; and,

3.      I am aware of no reason, at this time, why the defendant's plea (or pleas) of guilty should not be accepted by the court.

_1 March 07_
Date

_Michael C. Hanle_
Attorney for Defendant