FILED
2007 Mar-02 PM 04:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| V. | ) | 2:06-CR-00505-RDP-PWG |
| | ) | |
| **JOHNATHAN PHILLIP PERRY** | ) | |

**PLEA AGREEMENT**

The United States of America and defendant **JOHNATHAN PHILLIP PERRY** hereby acknowledge the following plea agreement in this case:

**PLEA**

The defendant agrees to plead guilty to **COUNTS ONE** and **TWO** of the indictment filed in the above numbered and captioned matter. In exchange, the United States Attorney, acting on behalf of the United States and through the undersigned Assistant United States Attorney, agrees to recommend the disposition specified below.

**TERMS OF THE AGREEMENT**

**I. MAXIMUM PUNISHMENT:**

The Parties understand that the maximum statutory punishment that may be imposed for the crime of Enticement of a Minor to Engage in Illegal Sexual

Page 1 of 11

Conduct, in violation of Title 18, United States Code, Section 2422(b), as charged in COUNT ONE, is:

- a. Imprisonment for Not Less Than __10 years__ and Not More Than __LIFE__; and
- b. A fine of not more than $250,000;
- c. Supervised release of not more than __LIFE__; and
- d. A Special Assessment Fee of $100 per count.

The Parties further understand that the maximum statutory punishment that may be imposed for the crime of Travel with Intent to Engage in Illicit Sexual Conduct, in violation of Title 18, United States Code, Section 2423(b), as charged in COUNT TWO, is:

- a. Imprisonment for Not More Than __30 years__;
- b. A fine of not more than $250,000, or,
- c. Both a and b;
- d. Supervised release term of not more than __LIFE__; and
- d. Special Assessment Fee of $100 per count.

## II. FACTUAL BASIS FOR PLEA:

The United States would be prepared to prove the following facts at the trial of this case:

JPP

In or about April, 2006, defendant Perry, who lived in Tennessee, met a 14 year-old female, who lived in Alabama, on-line and began communicating with her via the Internet. Defendant and the minor female communicated by computer via the Internet and also by telephone for approximately four months. During these on-line and telephone conversations, Perry talked about having sex with the minor female, and about traveling to Alabama to meet the minor female to have sex with her. On or about August 26, 2006, Perry, who was 23 years old, traveled from Tennessee to the Northern District of Alabama and engaged in sexual intercourse with the minor female.

**The defendant hereby agrees and stipulates to the accuracy of the preceding information and that the above information may be used for sentencing purposes and waives any right he may have for a jury determination of such facts.**

_____
JOHNATHAN PHILLIP PERRY

### III. RECOMMENDED SENTENCE:

Pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government will recommend the following disposition:

    (a) That the defendant be awarded an appropriate reduction in offense level for acceptance of responsibility;

JPP

(b)   That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term within the applicable ADVISORY guideline range as determined by the Court at the time sentence is pronounced. The defendant's term of imprisonment, however, must be **not less than 10 years** based on the statutorily mandated minimum sentence set out in Title 18, U.S.C., § 2422(b);

(c)   That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the Court, subject to the standard conditions of supervised release as set forth in U.S.S.G. § 5D1.3, and to the following special condition(s):

> That the defendant shall not have any unsupervised, one-to-one contact with any children under the age of eighteen; that the defendant shall not engage in any occupation, employment, or volunteer activities which would place him in a position of trust with children under the age of eighteen; that the defendant register and comply with any then applicable local, state or federal laws dealing with the registration or monitoring of individuals convicted of these offenses; that the defendant not subscribe to or otherwise utilize any online computer services or computer bulletin boards other than those which are connected directly with his employment and used by him for the benefit of his employer; that the

*JPP*

defendant provide the probation officer with complete access to any computer and computer related equipment which the defendant utilizes; and that the defendant allow the probation officer complete access to any computers, computer media, photographs or videos in his possession or under his control;

(d) That the defendant be required to pay a fine to be determined by the Court, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release; and

(e) That the defendant pay a Special Assessment fee of $200, said amount due and owing as of the date sentence is pronounced.

## IV. <u>WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF</u>:

**In consideration of the recommended disposition of this case, I, JOHNATHAN PHILLIP PERRY, hereby waive and give up my right to appeal my conviction in this case, as well as any fines, restitution, and/or sentence the court might impose upon me. Further I waive and give up the right to challenge any conviction or sentence imposed or the manner in which**

JPP

the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255.

The defendant acknowledges that before giving up these rights, he discussed the Federal Sentencing Guidelines and their application to his case with his attorney, who explained them to his satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

I, JOHNATHAN PHILLIP PERRY, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

_____
JOHNATHAN PHILLIP PERRY

## V. UNITED STATES SENTENCING GUIDELINES:

Counsel has explained to the defendant, that in light of the United States Supreme Court's recent decision in United States v. Booker, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no

JPP

longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT:

The Parties fully and completely understand and agree that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT**, and that the Court need not accept the government's recommendation. Further, the defendant understands that if the Court does not accept the government's recommendation, he does not have the right to withdraw his plea.

## VII. VOIDING OF AGREEMENT:

The defendant understands that should he: (a) violate any federal, state, or local law after entering into this Plea Agreement, (b) move the Court to accept his plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or (c) tender a plea of *nolo contendere* to the charges, the agreement will become NULL and VOID, and the United States will

JPP

not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained therein.

## VIII. <u>OTHER DISTRICTS AND JURISDICTIONS</u>:

The Parties understand and agree that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## IX. <u>TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS</u>:

Unless otherwise specified herein, the Parties understand and acknowledge that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

JPP

## X. DEFENDANT'S UNDERSTANDING:

I have read and understand the provisions of this agreement consisting of Eleven (11) pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated hereafter:

_____

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this

JPP

Agreement and have signed the signature line below to indicate I have read and approve all of the previous paragraphs of this Agreement, and understand all of the provisions of this Agreement, both individually and as a total binding agreement.

22 FEB 07  
DATE

*[signature]*  
**JOHNATHAN PHILLIP PERRY**  
Defendant

## XI. COUNSEL'S ACKNOWLEDGMENT:

I have discussed this case with my client in detail and have advised him of his rights and all possible defenses. My client has conveyed to me that he understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea as indicated above and on the terms and conditions set forth herein.

22 FEB 07  
DATE

*[signature]*  
**MICHAEL P. HANLE, ESQ.**  
Defendant's Counsel

JPP

## XII. GOVERNMENT'S ACKNOWLEDGMENT:

I have reviewed this matter and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

ALICE H. MARTIN
United States Attorney

3/1/07
DATE

*E. Vint CO*
E. VINCENT CARROLL
Assistant United States Attorney

JPP